**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-cv-2922-WJM-STV

BERNARD KENNETH RIVERS, JR.,

    Plaintiff,

v.

STATE OF COLORADO,
RACHEL ERICKSON, in her official and individual capacity,
MARCI HOFFMAN, in her official and individual capacity,
PHILIP WEISER, in his official and individual capacity,
ELIZABETH PHILIPS, in her official and individual capacity,
MATTHEW HEGARTY, in his official and individual capacity,
DAVID BELSHEIM, in his official and individual capacity, and
GILBERT M. ROMAN, in his official and individual capacity,

    Defendants.

---

**ORDER ADOPTING AS MODIFIED JULY 5, 2023,
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the July 5, 2023, Recommendation of United States Magistrate Judge Scott T. Varholak ("Recommendation") (ECF No. 79) that the Court: (1) grant Defendants Matthew Hegarty and David Belsheim's Rule (12)(b)(6) Motion to Dismiss for Failure to State a Claim for Relief (ECF No. 6); grant State Defendants' Motion to Dismiss (ECF No. 7); and deny Plaintiff's Forthwith Second Motion for Default Judgment (ECF No. 27). (ECF No. 79 at 1–2.) Defendants Hegarty and Belsheim filed an objection ("Hegarty & Belsheim's Objection"). (ECF No. 80.) Plaintiff filed a response to Hegarty & Belsheim's Objection ("Plaintiff's Objection") (ECF No. 81); however, because Plaintiff asks "the District Court to determine _de novo_ the Magistrate's ruling," the Court liberally construes Plaintiff's filing as an objection to the

Recommendation. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

For the reasons explained below, the Court overrules both objections, adopts the Recommendation as modified, denies all motions as moot, and dismisses this action without prejudice.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts and incorporates by reference the factual and procedural background contained in the Recommendation. (ECF No. 79 at 2–8.)

On May 10, 2023, Judge Varholak concluded that Plaintiff's Complaint (ECF No. 1) "may be barred by the *Rooker–Feldman* doctrine, thereby depriving this Court of subject matter jurisdiction." (ECF No. 70.) Accordingly, he ordered the parties to "file supplemental briefing addressing the applicability of the *Rooker–Feldman* doctrine." (*Id.*) The parties timely filed the ordered supplemental briefing. (ECF Nos. 73, 75, 76.)

## II. THE RECOMMENDATION

Upon consideration of the parties' supplemental briefing and after conducting his own research, Judge Varholak concluded all nine of Plaintiff's claims are barred by the *Rooker–Feldman* doctrine. (ECF No. 79 at 10.) Because the *Rooker–Feldman* doctrine is jurisdictional, he did not address any of the specific arguments in the motions to dismiss. (*Id.* at 9.) Further, because Judge Varholak raised the *Rooker–Feldman* doctrine *sua sponte*, the Court construes the Recommendation as a recommendation to dismiss the entire action without prejudice, on the Court's own motion, for lack of subject-matter jurisdiction based on the *Rooker–Feldman* doctrine.

Judge Varholak first explained the *Rooker–Feldman* doctrine as developed by the Supreme Court and further explained by the Tenth Circuit.  (*Id.* at 9–10.)

> "The *Rooker–Feldman* doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074–75 (10th Cir. 2004) (footnote omitted). . . . The doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). . . .
>
> The Tenth Circuit has applied the *Rooker–Feldman* doctrine where the relief sought required the federal court to review and reject the state court judgment. *See* [*PJ ex rel. Jensen v. Wagner (Jensen)*, 603 F.3d 1182, 1193 (10th Cir. 2010)] (citing *Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007)).  On the other hand, the court has refused to apply the doctrine when the federal suit would not reverse or otherwise undo the state court judgment.  *See id.* (citing *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1238 (10th Cir. 2006)).

(*Id.*)  Judge Varholak then assessed the applicability of the *Rooker–Feldman* doctrine on a claim-by-claim basis.  (*Id.* at 10 (citing *Isaacs v. DBI-ASG Coinvestor Fund, III, LLC (In re Isaacs)*, 895 F.3d 904, 912 (6th Cir. 2018)).)

A. **Claims One and Seven**

Judge Varholak found that Plaintiff's first and seventh claims are barred by *Rooker–Feldman* because they "directly challeng[e] the dismissal of his [state] case by a Colorado district court."  (ECF No. 79 at 10–11.)  In Claim One, Plaintiff alleges the district court's dismissal of his case violated his right to a jury trial because he demanded and paid for a jury trial.  (*Id.*)  And in Claim Seven, Plaintiff alleges "various orders entered by the Colorado Court of Appeals" and the Colorado Supreme Court's

3

refusal to hear his appeal are evidence of a conspiracy to deprive him of his constitutional jury trial right. (*Id.* at 11.) Because he seeks a judgment from this Court that those state courts' judgments and orders are "void," Judge Varholak concluded Plaintiff is seeking a *de facto* appeal in federal district court. (*See id.*) Therefore, Judge Varholak found the Court did not have jurisdiction over Claims One and Seven.

**B.    Claims Two and Three**

Judge Varholak found Plaintiff's second and third claims are barred by the *Rooker–Feldman* doctrine because they "challeng[e] the state court proceedings and see[k] review of and relief from his adverse state court judgment through this later-filed federal court case on the grounds that the state court lacked jurisdiction and reached its result on the basis of fraud." (*Id.* at 11–12.) Claims Two and Three are premised on alleged "fabrications" by the judges of the Weld County District Court and staff of the Colorado Court of Appeals. (*Id.* at 11.) Plaintiff asserts these fabrications are "fraud[s] upon the court," rendering those courts' orders either void or issued without jurisdiction. (*Id.* at 11–12.) Judge Varholak concluded these claims are *de facto* appeals of the state courts' judgments and orders and, therefore, that the Court lacks jurisdiction over them. (*Id.*)

**C.    Claims Four and Five**

Judge Varholak reasoned that the "same analysis applied for Claim Four and Claim Five, which allege that various state actors fabricated evidence in Plaintiff's state court case by enacting a new state law and by citing to that new state law in briefing." (*Id.* at 12.) "Once again, Plaintiff alleges that these actions constituted 'fraud upon the court' that 'mak[e] all orders VOID' and 'entitle[] [Plaintiff] to relief' for the judgment being void." (*Id.* (citing ECF No. 1 at 8–9) (alterations in Recommendation).) Therefore,

4

Judge Varholak concluded the Court lacks subject-matter jurisdiction under the *Rooker–Feldman* doctrine. (*Id.* at 13.)

**D.     Claim Six**

In Claim Six, Plaintiff alleges that Belsheim and Hegarty, who are private attorneys, joined the conspiracy against Plaintiff by filing a brief making a false argument in his state court case. (*Id.* at 14.) As with his other claims, Plaintiff asserts this constituted a "fraud upon the court" that rendered the state court's judgment "invalid." (*Id.*) Judge Varholak reasoned that assessing the merits of this claim would require the Court to "review the accuracy of arguments made in state-court proceedings to determine whether the state court's grounds for its decision were legitimate or corrupted." (*Id.*) And, importantly, Plaintiff seeks relief from the state court's judgment. (*Id.*) Performing this assessment would require a "review of the state court's handling of the case from top to bottom, substantively and procedurally." (*Id.* (quoting *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 408 (7th Cir. 2023).) Therefore, Judge Varholak found the *Rooker–Feldman* doctrine applies. (*Id.*)

**E.     Claim Eight**

In Claim Eight, Plaintiff asserts the State of Colorado used its procedural rules to defeat his constitutional claims. (*Id.* at 15.) More specifically, as Judge Varholak understood the claim, it alleges that Erickson and the State of Colorado conspired to ensure Kenneth Barker, a defendant in the state court case, could not be properly served. (*Id.*) Because this claim challenges the state court's determination that Barker was never properly served and the Colorado Court of Appeals' decision to affirm, it is a *de facto* appeal and barred by the *Rooker–Feldman* doctrine. (*Id.*)

### III. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Rule 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to."  In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 advisory committee's note to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id*.  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.

### IV. PLAINTIFF'S OBJECTION

Plaintiff makes ten objections to the Recommendation, each of which the Court rejects.  (ECF No. 81.)

**Failure to consider Federal Rule of Civil Procedure 60(b).**  Plaintiff asserts Judge Varholak erred in not considering Rule 60(b).  (*Id.* at 1.)  Citing several of his numerous and repetitive filings in this action, he asserts the Clerk of Court "committed fraud" in preparing the evidence for the Court's consideration.  (*Id.*)  This familiar refrain

6

is unavailing, because Judge Varholak is not required to consider every argument Plaintiff makes, especially when he has determined the Court is without jurisdiction. *Dade v. Wands*, 2012 WL 1207150, at *1 (D. Colo. Apr. 11, 2012).

**Violation of 28 U.S.C. § 455(a).**  In a truly perplexing argument, Plaintiff asserts United States Magistrate Judge Michael Hegarty violated the law by recusing himself from a case in which his son is a defendant.  (*See* ECF No. 81 at 1.)  Plaintiff then objects to Judge Hegarty's refusal to "answer" why he did so.  (*Id.*)  This argument is not only without merit; it is absurd, and requires no further discussion by the Court.  *See* 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.").

**Subject-matter jurisdiction.**  Plaintiff next objects that the "Court erred by not answering the challenge to subject matter jurisdiction" in two of his early filings in this action.  (*Id.*)  Federal courts are not lecture halls where judges answer any and all legal questions presented by litigants, regardless of the impact on pending litigation.  Federal courts are tribunals that decide "cases or controversies" falling within the limited jurisdiction conferred to them by Article III.  U.S. Const., art. III, § 2, cl. 1.  It was not error for Judge Varholak to "refus[e] to answer" the specific jurisdictional question Plaintiff presented.  In fact, after he determined the Court lacks jurisdiction under *Rooker–Feldman*, going further very well could have been error.  *See Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1375–76 (10th Cir. 2011).  Judge Varholak's measured decision to refrain from issuing an advisory opinion was certainly proper.

**Default.**  Plaintiff asserts in conclusory fashion that Judge Varholak's denial of a

7

default judgment was erroneous because he "requested entry of default." (ECF No. 81 at 2–3.) As Judge Varholak explains in the Recommendation and in a previous text-only order (ECF No. 22), Plaintiff is not entitled to default judgment because he has not obtained a clerk's entry of default. (ECF No. 79 at 19.) Further, even if Plaintiff has requested entry of default, he is clearly not entitled to it because each defendant timely moved to dismiss his Complaint. (*See* ECF Nos. 6, 7.)

**FOIA.** Plaintiff argues Judge Varholak violated the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). (ECF No. 81 at 3.) FOIA has nothing to do with the Recommendation whatsoever.

***Sua Sponte*** **order directing supplemental briefing.** Plaintiff asserts Judge Varholak's *sua sponte* order directing supplemental briefing on the *Rooker–Feldman* doctrine showed he was "prejudiced and biased" against Plaintiff because it was entered before Judge Varholak addressed the jurisdictional arguments contained in Plaintiff's other filings. (*Id.*) This is not so. As the Court has just explained, Judge Varholak is not obliged to address each of Plaintiff's arguments or answer each of his "question[s] of law." (*Id.*) Further, it is within the Court's inherent powers to manage its own docket—and it is the Court's affirmative duty to assure its own jurisdiction in every case. *Dietz v. Bouldin*, 579 U.S. 40, 46 (2016); *Columbian Fin. Corp.*, 650 F.3d at 1375–76. This is precisely what Judge Varholak did when he ordered supplemental briefing on a subject critical to the Court's jurisdiction.

***Rooker–Feldman*** **doctrine.** Plaintiff argues Judge Varholak erroneously applied the *Rooker–Feldman* doctrine in three ways: (1) by determining the state-court proceedings were final; (2) by determining Plaintiff's claims sought to modify or set

8

aside a state-court judgment; and (3) by applying the doctrine despite Hegarty and Belsheim being private actors. The Court addresses the third reason, *infra*, in Part V because it is the basis of the Hegarty & Belsheim Objection. With respect to Plaintiff's first reason, the Court finds no error in the Recommendation. As Judge Varholak explained, it is clear from the record—whatever Plaintiff else may say—"that the order of dismissal from which Plaintiff seeks relief was final[,] and his appeal had been considered before Plaintiff filed the instant action." (ECF No. 79 at 16 n.8.) With respect to the second reason, the Court finds Judge Varholak correctly found Plaintiff seeks relief from a state-court judgment. "Indeed, Plaintiff consistently seeks relief from his state-court judgment under Fed. R. Civ. P. 60(b), which affords relief 'from a final judgment, order, or proceeding' under appropriate circumstances." (*Id.*)

**Rule of Evidence 201.** Plaintiff argues Judge Varholak committed reversible error by failing to take judicial notice of several submissions he claims show the state-court proceedings are not final. (ECF No. 81 at 4.) It is clear from the Recommendation, however, that Judge Varholak considered these submissions and rejected Plaintiff's argument that they showed the state-court order Plaintiff seeks to challenge in this federal-court action is not final. (ECF No. 79 at 16 n.8 (explaining that a division of the Colorado Court of Appeals, sitting as a motions division, concluded that Plaintiff failed to properly serve Barker).) Plaintiff's reference to August 2021 and January 2022 state-court orders denying his numerous motions for default judgment on the basis that he had not properly served Barker does not undercut Judge Varholak's conclusion that the state courts had made a final determination that Barker had not been properly served before this action was filed in November 2022. If anything, it only

9

serves to confirm Judge Varholak's conclusion.

**Motion to compel.**  Plaintiff complains that on April 27, 2023, he was ordered by Judge Varholak to stop sending copies of his motions directly to Hegarty and Belsheim and instead send all communications to their counsel as required by Federal Rule of Civil Procedure 5(b)(1).  (ECF No. 81 at 5; *see also* ECF Nos. 64, 66.)  This argument has nothing to do with the Recommendation, and the Court therefore disregards it.

**Failure to sanction opposing counsel.**  Finally, Plaintiff objects that Judge Varholak violated "procedural due process and equal protection of the laws . . . by turning a blind eye" to Rule 11.  (ECF No. 81 at 5.)  In short, he thinks opposing counsel representing all Defendants should be sanctioned for filing "false document[s]," and certain criminal acts.  (*See id.*)  He asserts these issues should have been addressed before anything else.  (*Id.*)  The decision to impose (or not impose) sanctions is committed to the sound discretion of both Judge Varholak and this Court.  *See* Fed. R. Civ. P. 11(c)(1) ("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court *may* impose an appropriate sanction . . . .") (emphasis added).  Plaintiff has not presented anything to suggest a violation of Rule 11, let alone an abuse of discretion in refusing to impose sanctions.

Accordingly, Plaintiff's Objection is overruled.

## V. HEGARTY & BELSHEIM'S OBJECTION

Hegarty and Belsheim's only objection to the Recommendation is the application of the *Rooker–Feldman* doctrine to Claim Six.  (ECF No. 80 at 2–4.)  They argue the Court can dispose of Claim Six "without any consideration of the state court's findings." (*Id.* at 3.)  Hegarty and Belsheim take issue with Judge Varholak's allegedly improper

focus on the fact that they were not parties to the underlying state-court proceedings. (*Id.*)  Rather, they say he should have focused on the fact that the allegedly fraudulent actions they took during the course of the state-court proceedings were not "based on" the state courts' orders.  (*See id.*)  Therefore, contrary to Judge Varholak's conclusion that Claim Six is barred by *Rooker–Feldman*, they argue it is an independent claim within the Court's jurisdiction.  (*See id.*)  Instead, Hegarty and Belsheim assert the Court can (and should) dismiss Plaintiff's civil rights claims with prejudice under Rule 12(b)(6) because they are not state actors.  (*Id.* at 4–5.)

After careful consideration, the Court agrees with Judge Varholak's analysis. *Farris v. Burton*, 686 F. App'x 590 (10th Cir. 2017), though not binding, is instructive given its factual similarity to this case.  In *Farris*, Rebecca Farris and Jack Burton divorced, and their property was divided by a Kansas probate court.  *Id.* at 591.  Farris appealed the property division to the Kansas Court of Appeals, and Thomas Boone represented Burton in the appellate proceedings.  *Id.*  After the Kansas Court of Appeals affirmed, Farris filed a civil rights suit in federal court against Burton and Boone, alleging they conspired to "fraudulently influence" the Kansas Court of Appeals.  *Id.*  The district court determined the claims were barred by *Rooker–Feldman*, and the Tenth Circuit affirmed.  *Id.* at 593.

In affirming the district court, the Tenth Circuit reiterated that "the type of judicial action barred by *Rooker–Feldman* consists of a review of the proceedings already conducted by the [state] tribunal to determine whether it reached its result in accordance with law."  *Id.* at 592 (quoting *Jensen*, 603 F.3d at 1193).  "[E]valuat[ing] Ms. Farris's claims that defendants' fraud led the [Kansas Court of Appeals] to make

11

factual and legal errors in affirming the trial court's decision, a federal court would have to review the appellate state court proceedings to determine if the decision to affirm the trial court's property division was reached as a result of fraud or from a proper assessment of the claims on appeal." *Id.* Therefore, the Tenth Circuit held Farris's claims "implicate[d] the *Rooker–Feldman* doctrine." *Id.*

Hegarty and Belsheim attempt to distinguish *Farris*, arguing in that case "the federal court was expressly being asked to determine the validity of decisions by state courts." (ECF No. 80 at 3–4.) The Court agrees; however, that is also precisely what Plaintiff seeks in this action. Plaintiff has made clear that he seeks relief from the state-court judgment based on Hegarty and Belsheim's alleged fraud. (ECF No. 73 at 1–2.) Under *Farris*, which the Court finds persuasive, this brings Claim Six within the *Rooker–Feldman* doctrine's bar. *Farris*, 686 F. App'x at 593 ("We agree with the district court's conclusion that 'as long as the state-court judgment stands—collateral attacks based on a party corrupting the state judicial process are properly brought only in state court.'").

The Hegarty & Belsheim Objection is overruled.[1]

## VI. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

---

[1] The Court acknowledges that Hegarty and Belsheim have a compelling argument for dismissal with prejudice under Rule 12(b)(6). (*See* ECF No. 6 at 4–9.) Nevertheless, the Court cannot reach this argument, which seeks a decision on the merits, without first concluding that it has jurisdiction over Claim Six. Because the Court finds it lacks jurisdiction, it must dismiss without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).

1. The Magistrate Judge's Recommendation (ECF No. 79) is ADOPTED AS MODIFIED;

2. Plaintiff's Objection (ECF No. 81) is OVERRULED;

3. Hegarty & Belsheim's Objection (ECF No. 80) is OVERRULED;

4. Defendants Matthew Hegarty and David Belsheim's Rule (12)(b)(6) Motion to Dismiss for Failure to State a Claim for Relief (ECF No. 6) is DENIED AS MOOT;

5. State Defendants' Motion to Dismiss (ECF No. 7) is DENIED AS MOOT;

6. Plaintiff's Complaint (ECF No. 1) is DISMISSED without prejudice;

7. All other pending motions in this case (ECF Nos. 16, 17, 19, 27, 28, 29, 33, 35, 40, 44, 56, 60, 62, 63, 68, 69, 72, 78, 82) are DENIED AS MOOT;

8. The Clerk shall enter a judgment consistent with this Order and terminate this case; and

9. The parties shall bear their own costs.

Dated this 17th day of August, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge