## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Civil Action No. 22-cv-2922-WJM-STV

BERNARD KENNETH RIVERS, Jr.,

      Plaintiff,

v.

STATE OF COLORADO, *et al*.,

      Defendants.

---

## ORDER DENYING POST-JUDGMENT MOTIONS FOR RELIEF
## AND ORDER TO SHOW CAUSE

---

Before the Court are several post-judgment motions for relief filed by *pro se* Plaintiff Bernard Kenneth Rivers, Jr.  (ECF Nos. 98, 99, 108.)

The Court summarily denies these motions.  The motions, while difficult to decipher,[1] appear to advance the same complaints and claims that the Court concluded—and the Tenth Circuit affirmed—are beyond its jurisdiction.  (*See generally* ECF Nos. 98, 99, 108.)  The Court also denied Rivers's post-judgment Rule 60 motion for reconsideration on the same grounds.  (ECF No. 96.)  The Court need not repeat that analysis here.  *See Matios v. City of Loveland*, 2023 WL 6127895, at *2 (D. Colo. Sept. 19, 2023) ("The Court declines to rehash arguments that are improperly raised and have been repeatedly addressed . . . .").

Finally, the Court notes that Rivers has submitted numerous filings in this action

---

[1] One of these motions appear to seek sanctions against Matthew Hegarty and David Belsheim, although it appears to continue to raise arguments related to the propriety of a scheduling order issued in one of his state court cases.  (ECF No. 99.)

since the Court entered judgment and denied his motion for reconsideration. Specifically, since February 2025, Rivers has filed nearly 25 papers that appear to seek to undo or undermine the Court's judgment in one way or another.  Most of these filings are notices to filings in other state district courts (*see, e.g.*, ECF Nos. 100–15), while others are styled as motions but are addressed via caption to other forums (*see, e.g.*, ECF Nos. 119).  Thus, it appears by all accounts that Rivers is intent on reasserting the same arguments without regard to the fact that the Court and the Tenth Circuit have repeatedly endeavored to explain to him that they are without merit.

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007).  "Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Id.*

Given Rivers's copious and redundant filings in this case, the Court is considering imposing a restriction enjoining him from filing any further *pro se* documents in this case without prior leave of Court.  *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1345 (10th Cir. 2006).  Before doing so, however, the Court will give Rivers an opportunity to explain why he believes that such an Order is not appropriate.  The Court will also give Defendants an opportunity to respond.

For these reasons, the Court rules as follows:

1.  The post-judgment motions (ECF Nos. 98, 99, 108) are DENIED;

2

2.  By **June 20, 2025**, Rivers shall file a response to this Order showing cause
    for why he should not be enjoined from filing any further *pro se* documents in
    this case without first seeking and obtaining leave of Court to do so;

3.  By **June 27, 2025**, Defendants shall file a reply to Rivers's response; and

4.  No further reply from Rivers will be permitted.

Dated this 3rd day of June, 2025.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge